UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. SLATER and ENTRY VENTURES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LAURA MORTON and LAURA MORTON MANAGEMENT, INC., <br><br> Defendants. | Case No.: 17-CV-1795-CAB-NLS <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> [Doc. Nos. 56, 58, 59] |

On September 5, 2017, Michael J. Slater, Clifford Boro, Raymond Watt, and Entry Ventures, Inc. jointly filed this lawsuit against Laura Morton and her company, Laura Morton Management, Inc. (together, "Morton"). The complaint asserted two claims: (1) for a declaratory judgment that there was no valid and enforceable agreement between the plaintiffs and Morton for Morton to write a book about Slater's business philosophy; and (2) for money had and received with respect to $20,000 that Boro and Watt allegedly advanced to Morton. Morton asserted several counterclaims against all four plaintiffs for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and fraud.

1

The Court granted a motion to dismiss Morton's fraud counterclaim and subsequently denied Morton's motion for leave to amend that claim. [Doc. Nos. 25, 46.] Meanwhile, the attorney that had filed the lawsuit on behalf of the four plaintiffs withdrew on account of a conflict with his continued representation of Slater and Entry Ventures on the one hand, and Boro and Watt on the other. New counsel eventually entered an appearance for Boro and Watt jointly, and a separate counsel entered an appearance for Entry Ventures. Slater has been representing himself, but he simply joins all filings by Entry Ventures, including those related to the motions currently before the Court.

On September 19, 2018, Boro, Watt, and Morton filed a joint motion to dismiss all claims among them. [Doc. No. 50.] The Court granted that motion and dismissed all claims among Boro, Watt, and Morton with prejudice. [Doc. No. 51.] On September 28, 2018, Morton moved to dismiss her counterclaims against Slater and Entry Ventures (together, the "Remaining Plaintiffs") with prejudice, which the Court granted on the same date. [Doc. Nos. 54, 57.] In light of these settlements and dismissals, only remaining claims in this lawsuit are any claims asserted by the Remaining Plaintiffs against Morton in the original complaint.

Morton now moves for summary judgment against the Remaining Plaintiffs on the grounds that the declaratory relief claim is moot and that the Remaining Plaintiffs lack standing with respect to the money had and received claim. The Remaining Plaintiffs have opposed the motion and separately moved for leave to amend the complaint to change allegations that Boro and Watt had paid Morton the $20,000 that is the subject of the money had and received claim. Both motions have been fully briefed, and the Court deems them suitable for submission without oral argument. As discussed below, the motion for summary judgment is granted, and the motion for leave to amend is denied.

**I.  Motion for Summary Judgment**

    **A.  Legal Standard**

The familiar summary judgment standard applies here. A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56. To avoid summary judgment, disputes must be both 1) material, meaning concerning facts that are relevant and necessary and that might affect the outcome of the action under governing law, and 2) genuine, meaning the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000) (citing *Anderson*, 477 U.S. at 248).

### B. Declaratory Judgment Claim

The declaratory judgment claim seeks a judgment that no contract existed between Morton and the four plaintiffs who filed the original complaint. Morton filed a reciprocal breach of contract counterclaim concerning the alleged contract. Morton's counterclaim, as well as Boro's and Watt's claims concerning the existence or breach of any contract have all been settled and dismissed with prejudice. Moreover, Morton has executed an unconditional and irrevocable covenant not to sue either of the Remaining Plaintiffs or their affiliates "based on the actual or alleged existence of a Contract, as described in" this lawsuit. [Doc. No. 56-3.] Based on these undisputed facts, Morton contends that the declaratory judgment claim is moot.

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (*per curiam*)). The Remaining Plaintiffs engage in semantic quibbles with the wording of Morton's covenant not to sue, but the Court is satisfied that based on Morton's settlement with Boro and Watt, the voluntary dismissal with prejudice of Morton's remaining counterclaims, and the breadth of the covenant not to sue, that the issues presented by the declaratory judgment claim are

no longer live, and that the parties do not have a legally cognizable interest in the outcome. Accordingly, summary judgment is appropriate on this claim.

### C. Money Had and Received Claim

The complaint alleges that "*Boro and Watt* paid Morton at least $20,000.00 in earnest money and prepaid expenses to be credited against services to be provided once a formal agreement was reached concerning her services . . . ." [Doc. No. 1 at ¶ 16 (*emphasis* added).] The complaint further alleges that Morton failed to return "earnest money deposits and advanced travel expenses to *Boro and Watt* in excess of $20,000.00." [*Id.* at ¶ 33 (*emphasis* added).] Finally, the complaint alleges that Morton "became indebted to *Boro and Watt* for amounts in excess of $20,000.00 paid, laid out and expended. . . ." [*Id.* at ¶ 34 (*emphasis* added).] Now that Boro and Watt have settled all of their disputes with Morton in this litigation, including their claim for these payments alleged in the complaint [Doc. Nos. 56-4, 56-5],[1] Morton moves for summary judgment on this claim as to the Remaining Plaintiffs for lack of standing.

To have standing to assert a claim, a party must show three things:

> First, [it] must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of.... Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations omitted).

The only claim for money had and received alleged in the complaint arises out of earnest money allegedly paid by Boro and Watt to Morton. The Remaining Plaintiffs have not suffered any injury as a result of Boro and Watt making these payments. Therefore,

---

[1] The Remaining Plaintiffs' Objections to the declarations of Boro and Watt [Doc. No. 62-1] are **OVERRULED**. Regardless, because the allegations in the complaint are themselves sufficient for the Court to determine that the Remaining Plaintiffs lack standing to prosecute the money had and received claim, these declarations were unnecessary to the Court's grant of summary judgment.

the Remaining Plaintiffs do not have standing to prosecute the money had and received claim asserted in the complaint.

Faced with these arguments, the Remaining Plaintiffs argue they have standing because they in fact paid the earnest money to Morton. They argue that Boro's and Watt's declarations, which state the entities through which the earnest money was paid to Morton raise issues of fact as to whether Slater in fact paid these funds. Defendants argue that they should be allowed to take discovery to determine the source of the funds paid to Morton, and that summary judgment on this issue is premature.

The fatal flaw in the Remaining Plaintiffs' arguments is that even if either of the Remaining Plaintiffs ever paid any money to Morton, no claim for such payment was alleged in this case. Thus, the discovery the Remaining Plaintiffs' seek related to their contention that they paid money to Morton, that non-parties paid money to Morton, or that Boro and Watt did not pay money to Morton, is irrelevant to the money had and received claim asserted in the complaint. To the extent either of the Remaining Plaintiffs (or third parties affiliated with the Remaining Plaintiffs) paid money to Morton that could be the subject of a claim for money had and received, the person or entity who made such payment may have standing to file a new lawsuit arising out of that claim, but they do not have standing to pursue the money had and received claim alleged in this lawsuit. The only money had and received claim asserted in this case arises out of money paid by Boro and Watt. Only Boro and Watt had standing to make that claim, and they have since settled it with Morton and it has been dismissed with prejudice. Because the Remaining Plaintiffs do not have standing to prosecute a claim for money had and received arising out of money allegedly paid by Boro and Watt to Morton, Morton is entitled to summary judgment on this claim.

**II.    Motion for Leave to Amend the Complaint**

In an eleventh hour attempt to substantively change the complaint to make it consistent with their arguments against summary judgment, the Remaining Plaintiffs have moved for leave to amend the complaint. They seek not to add new facts, but to make it

5

less specific about who paid earnest money to Morton. The deadline for motions for leave to amend, however, expired more than two months before the Remaining Plaintiffs' motion. [Doc. No. 49 at ¶ 2 (setting deadline of July 13, 2018).] The Court does not find good cause for the requested amendment. No explanation has been given for why the proposed new allegations, to make the complaint less specific, not more, could not have been made in the original complaint or in motion for leave to amend within the deadline provided by the Court. Moreover, considering the settlement among Boro, Watt, and Morton, allowing substantive changes to the complaint, particularly with respect to the claims those parties have already settled, would materially prejudice those parties. Accordingly, the motion for leave to amend is denied.

### III. Disposition

As a result of the settlement among Boro, Watt, and Morton, and Morton's irrevocable covenant not to sue Slater and Entry Ventures, the declaratory judgment claim in the complaint is moot, and Slater and Entry Ventures lack standing to prosecute the claim for money had and received. Accordingly, Morton's motion for summary judgment is **GRANTED**.

Because Slater and Entry Ventures's motion for leave to amend the complaint is untimely, is not supported by good cause, and would prejudice Morton, that motion is **DENIED**.

The Clerk of Court should enter **JUDGMENT** for Defendants and **CLOSE** this case.

It is **SO ORDERED**.

Dated: November 6, 2018

Hon. Cathy Ann Bencivengo
United States District Judge